**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JAMES WHANG dba SOUTH PACIFIC LUMBER COMPANY,** | Case No. 1:21-CV-00027 |
| **Plaintiff,** vs. | **JOINT CASE MANAGEMENT STATEMENT** |
| **IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,** | |
| **Defendant.** | |

**COMES NOW,** Plaintiff James Whang, doing business as South Pacific Lumber Company, by and through counsel, Colin M. Thompson and Defendant Imperial Pacific International (CNMI), LLC, by and through its counsel Joey P. San Nicolas to file their Joint Case Management Statement pursuant to the Order Re: Case Management Conference (ECF No. 4) filed on September 7, 2021. Please refer to the response below:

(1) Whether any issue exists regarding venue or jurisdiction.

Response: There are no issues regarding the venue or jurisdiction.

(2) Whether all parties have been properly designated and served.

Response: All parties have been properly designated and served.

- 1 -

(3)     Whether any party expects to add additional parties to the case or otherwise amend the pleadings.

   Response: Plaintiffs may wish to amend the pleadings and add parties following the results of discovery.

(4) What track assignment the parties request.

   Response: The parties agree that this is a standard track case.

(5) The parties discovery plan, including the parties views and proposals on all subjects listed in Fed.R.Civ.P. 26(f)(3):

   (A) Whether any changes should be made to the timing, form or requirement for disclosures under Fed.R.Civ.P. 26(a) and the date on which the parties exchanged or will exchange disclosures.

   Response: Parties do not intend to make changes to the timing, form or requirement for disclosures under Fed.R.Civ.P. 26(a). Parties agreed to exchange initial disclosures on or before October 28, 2021.

   (B) The subjects on which discovery may be needed, whether discovery should be conducted in phases, or limited to or focused on particular issues.

   Response: Discovery should broadly encompass the claims and defenses raised in the Complaint and Answer.

   (C) Whether there are any issues relating to discovery, including the preservation, disclosure, or discovery of electronically stored information and the form or forms in which it will be produced.

   Response: Parties are unaware of any issues related to discovery.

(D) Whether agreements exist between the parties regarding asserting claims of privilege or of protection as trial-preparation material and whether an order under Fed.R.Evid. 502(d) is requested in this case.

Response:   There are no known issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced at this time.

(E) Whether any changes should be made to the discovery limitations of the track assignment in LR 16.1(b) and whether any other limitations should be imposed.

Response: At this time, the parties do not have changes to the discovery limitations.

(F) Any other orders that the court should issue under Fed.R.Civ.P. 26(c) or under Fed.R.Civ.P. 16(b) and (c).

Response: The parties are not aware of any orders that the court should issue under the above rules.

(6) Whether any question exists concerning appointment of a guardian ad litem, next friend, administrator, executor, receiver, or trustee at this time.

Response: The parties do not require an appointment of guardian ad litem, next friend, administrator, executor, receiver, or trustee.

(7) The advisability of the use of a court-appointed expert or master in aid in the administration of the case.

Response: The parties do not require the use of a court-appointed expert or master in aid.

(8) Whether trial by jury has been demanded in a timely fashion.

Response: Neither party issued a demand for jury trial.

(9) The anticipated length of trial.

Response: The parties expect that trial will last 5 days.

(10) The status of settlement discussions and whether the parties wish to schedule a settlement conference before substantial discovery has taken place.

Response: The parties wish to schedule an early settlement conference.

(11) Any other matter which may be conducive to the just, efficient, and economical determination of the proceedings, including the definition or limitation of the issues.

Response: At this time, the parties do not have a response to this question.

Respectfully submitted of 7th day of October, 2021.

*/s/ Colin M. Thompson*          /s/ *Joey P. San Nicolas*
**THOMPSON LAW, LLC**            **SAN NICOLAS LAW OFFICE, LLC**
Colin M. Thompson                Joey P. San Nicolas
*Attorney for Plaintiff*         *Attorney for Defendant*