FILED
Clerk
District Court
OCT 04 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JAMES WHANG dba SOUTH PACIFIC LUMBER COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,**<br><br>Defendant. | Case No. 1:21-cv-00027<br><br>**DECISION & ORDER GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT** |

Before the Court is the Motion for Partial Summary Judgment of Plaintiff James Whang d.b.a. South Pacific Lumber Company ("SPLC") (ECF Nos. 13, 13-1 (Decl. Whang)) for its third cause of action for breach of contract. Defendant Imperial Pacific International (CNMI), LLC ("IPI") filed an opposition (ECF No. 14), to which SPLC replied (ECF No. 15). The Court took the matter on submission of the briefs pursuant to stipulation of the parties (ECF No. 17), and now GRANTS SPLC partial summary judgment in the amount of $267,353.00 in damages plus post-judgment interest.

I.   **FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff James Whang is the sole proprietor and beneficial owner of South Pacific Lumber Company. (Decl. Whang 1 ¶ 2, ECF No. 13-2.) In May of 2015, SPLC entered into a Lease Agreement with IPI. (*Id*. ¶ 3.) IPI leased a commercial warehouse space, identified as Building B and C on Lot No. 057 E 29 in Lower Base, Saipan. (Compl. 3 ¶ 15, ECF No. 3; Answer 1 ¶ 3 (allegation admitted).) Pursuant to the Lease Agreement, the lease term was for a one-year period, commencing on May 11, 2015 and ending on May 11, 2016, with the right to extend the lease term for up to five years. (Compl. ¶ 18; Answer 1 ¶ 3 (allegation admitted).) IPI agreed to pay SPLC its monthly rent,

utility costs, and trash removal fees on or before the fifth day of each month for the term of this Lease. (Decl. Whang 1 ¶ 4.) The Lease Agreement also indicated a 5% penalty assessed on the sixth day of each month for all cumulative amounts past due. (Compl. 3 ¶ 20; Answer 1 ¶ 3 (allegation admitted).)

In April of 2016, SPLC and IPI signed an amendment to the Lease Agreement increasing the term of the lease period to May 10, 2021 and increasing the leased space to include the entire premises and reducing the rental price per square foot. (Decl. Whang 2 ¶ 5.) Total monthly rental was to be $16,240.00. (Compl. 4 ¶ 22; Answer 1 ¶ 3 (allegation admitted) .)

According to SPLC, IPI has not paid any rent and utility costs since March 2020 through June 2022. (Decl. Whang 2 ¶ 6; Ex. A, ECF No. 13-2 at 3 (invoice).)

On October 28, 2020, SPLC served IPI with a "Final Notice" notifying IPI of its default of the Lease for failure to pay rent. (*Id*. at ¶ 7.) SPLC demanded that IPI pay the unpaid rent. (*Id*.)  In July 2021, SPLC served IPI with invoices for the outstanding balance under the Lease for the past due rent, late fees, and utility fees. (*Id*. at ¶ 8.)

Weeks later, on July 28, 2021, SPLC served IPI a "3 Day Notice to Pay Rent or Quit," giving IPI until August 2, 2021 to vacate the premises. (*Id*. at ¶ 9.) Eleven days after the deadline to vacate passed, SPLC filed this diversity civil action asserting five state law causes of action including breach of contract. (Compl., ECF No. 1.)  IPI filed its answer to the complaint wherein it admitted the allegations set forth in paragraphs 5 through 22. (Answer 1 ¶ 3, ECF No. 3.) As of June 2022, SPLC claims it was owed $723,221.82 by IPI pursuant to the Lease as shown in Exhibit A. (Decl. Whang 2 ¶ 11, Exhibit A.)

On June 8, 2022, months after being served with the 3 Day Notice to Pay Rent or Quit, and ten months after the deadline to vacate the premises, IPI notified Whang that it had moved out of the premises. (Decl. Whang 2 ¶ 10.)

## II.   LEGAL STANDARD

A party may move for partial summary judgment, identifying each claim, or the part of each claim, on which summary judgment is sought. Fed. R. Civ. P. 56(a); (Mem. P. & A. 2, ECF No. 13-1.) Summary judgment may be granted if there is no genuine dispute as to any material fact regarding that portion of the claim and the movant is entitled to judgment as a matter of law. *Id*. If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986); *see* Fed. R. Civ. P. 56(c)(1)(A) (asserting undisputed fact may be supported by citing to particular parts of materials in the record including affidavits or declarations). Once satisfied, the burden of production shifts to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. *Id*. at 331; Fed. R. Civ. P. 56(e), (f).

Although the Court must construe the evidence in a light favorable to the non-moving party, *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989), the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Taylor*, 880 F.2d at 1045. Indeed, "[i]f a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(2)-(3).

### III.   DISCUSSION

**A.  IPI's Liability for Breach of Contract Claim**

SPLC moves for partial summary judgment on its breach of contract claim for IPI's breach of the Lease Agreement. (Mem. P. & A. 1-3, ECF No. 13-1 (citing Fed. R. Civ. P. 56(a), (g)).) As SPLC stated, to prevail on a breach of contract claim, a plaintiff must demonstrate (1) the existence of a valid contract; (2) the breach of an obligation imposed under the contract; and (3) damage to the plaintiff resulting from the breach. *Pacific Rim Land Dev., LLC v. Imperial Pacific International (CNMI), LLC*, 2020 WL 1942454, at *5 (D. N. Mar. I. Apr. 23, 2020); *see* Restatement (Second) of Contracts §§ 235, 237, 240 (defining breach of contract).

Here, the first element of SPLC's claim is established by the pleadings alone. SPLC's allegations in paragraphs 5 to 22 of its Complaint and admitted by IPI as true in paragraph 3 of its Answer, establish the existence of a valid contract. (*See also* Decl. Whang 1-2 ¶¶ 3-5, ECF No. 13-2.) As to the second and third elements, SPLC claims that IPI has failed to remunerate rental payments from March 2020 through May 2022 and has failed to pay the utility fees and 5% cumulative penalty. Therefore, SPLC concludes that it is entitled to damages and judgment in the amount of $723,221.82. (Decl. Whang 2 ¶ 11, Ex. A, ECF No. 13-2.)

In its opposition, IPI submitted evidence of its denials to SPLC's discovery requests for admissions (*See* Opp'n 3-4, ECF No. 14.) It also submitted the declaration of Xing Tao. (Decl. Tao 1 ¶ 1; ECF No. 14-2.) Mr. Tao's declaration is limited to stating that "all matters of facts" stated in IPI's opposition to summary judgment, are "based on [Xing Tao's] knowledge and belief." (Decl. Tao 1 ¶ 1.) And that "there are genuine issues of material facts in dispute with respect to the lease." (*Id*. at ¶ 2.) IPI woefully fails to show a genuine dispute of material fact. IPI does nothing more than state bare conclusions. The nonmoving party must show more than "some metaphysical doubt," *Mastushita*, 475 U.S. at 586, and cannot rely on "mere allegations or denials of his pleading," *Anderson*, 477 U.S. at 248. The Federal Rules make clear that where a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2). Without more, the Court is hard-pressed to find any genuine dispute of material fact and therefore deems the facts asserted by SPLC as undisputed.

Because there is no genuine dispute of material fact, partial summary judgment is entered in favor of SPLC as to IPI's liability for breach of the Lease Agreement.

**B. Damages for Breach of Contract Claim**

SPLC claims that IPI owes rent from the period of March 2020 through May 2022, totaling $431,840. (Ex. A, ECF No. 13-2 at 3.) In addition, pursuant to the Lease Agreement, a 5% penalty is assessed on the sixth day of each month for all cumulative amounts past due. (Compl. 3 ¶ 20.) However, in its reply brief, SPLC acknowledges Commonwealth law that limits the interest rate that may be recovered for the balance due in a contract claim and modifies its claim to a reduced monthly interest penalty of 1%, which it submits totals $56,936.00 as of June 2022. (Reply 4, ECF No. 15.)

Finally, SPLC also indicates that IPI owes a total of $6,701.82 in utility fees. (Ex. A, ECF No. 13-2 at 3.)

For the same reason as the issue of liability, IPI patently fails to establish anything close to a triable issue of material fact to defeat SPLC's claims for damages. *See Plot USA, Inc. v. Hyakawa*, 2022 WL 3017374 (D. Nev. July 28, 2022) (awarding compensatory damages where non-moving party failed to rebut motion for summary judgment with evidence to survive summary judgment); *Porter v. Chetal*, 2017 WL 1136663 (D. Nev. Mar. 27, 2017) (awarding $200,000,000.00 in damages for breach of contract on summary judgment). Because all of SPLC's purported facts are deemed admitted based on IPI's failure to establish a genuine dispute of material fact, the Court also construes the damages amounts as admitted.

The Court grants partial summary judgment, and therefore damages only as to SPLC's third cause of action for breach of contract. In its Complaint, SPLC seeks relief for (1) summary possession pursuant to the Commonwealth Holdover Tenancy Act, (2) double rent pursuant to the Holdover Tenancy Act, (3) breach of contract, (4) in the alternative to breach of contract, unjust enrichment and/or quantum meruit, and (5) account stated. (ECF No. 1.) SPLC does not identify the legal basis for granting partial summary judgment as to any claims other than breach of contract.[1] Therefore, the Court will construe SPLC's motion as one for partial summary judgment in liability and in damages only to its breach of contract cause of action.

---

[1] As to SPLC's second cause of action pursuing double amount of rent due, SPLC did not seek this relief in its initial motion for summary judgment. Rather, SPLC asserts a right to this cause of action in its reply. "New arguments may not be introduced in a reply brief." *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992); *see Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) (collecting cases). Thus, the Court will deny summary judgment on this particular claim.

As a result, SPLC is entitled to rent due between March 2020 and May 2021, from the period in which IPI stopped paying rent and fees to when the Lease Agreement expired. SPLC does not submit any legal arguments for any relief past the expiration of the Lease Agreement, and the Court will not supplement those arguments for Plaintiff SPLC.[2] It will, however, include total utilities owed and interest allowed for under the Lease Agreement and permitted by Commonwealth law for the identified period.[3] Accordingly, the Court grants SPLC partial summary judgment for its breach of contract claim for the fifteen months of non-payment of rent ($243,600), unpaid utilities ($6,701), and interest fees at 1% per month ($17,052) for a total amount of $267,353 as illustrated in the table below.

|  | MONTH | RENT | PAST DUE | INTEREST | UTILITIES | TOTAL |
|---|---|---|---|---|---|---|
| 1 | March 2020 | $16,240 |  |  | - |  |
| 2 | April 2020 | $16,240 | $16,240 | $162.40 | - |  |
| 3 | May 2020 | $16,240 | $32,480 | $324.80 | - |  |
| 4 | June 2020 | $16,240 | $48,720 | $487.20 | - |  |
| 5 | July 2020 | $16,240 | $64,960 | $649.60 | - |  |
| 6 | August 2020 | $16,240 | $81,200 | $812.00 | - |  |
| 7 | September 2020 | $16,240 | $97,440 | $974.40 | - |  |
| 8 | October 2020 | $16,240 | $113,680 | $1,136.80 | - |  |
| 9 | November 2020 | $16,240 | $129,920 | $1,299.20 | - |  |
| 10 | December 2020 | $16,240 | $146,160 | $1,461.60 | - |  |
| 11 | January 2021 | $16,240 | $162,400 | $1,624.00 | - |  |
| 12 | February 2021 | $16,240 | $178,640 | $1,786.40 | - |  |
| 13 | March 2021 | $16,240 | $194,880 | $1,948.80 | - |  |
| 14 | April 2021 | $16,240 | $211,120 | $2,111.20 | - |  |
| 15 | May 2021 | $16,240 | $227,360 | $2,273.60 | - |  |
|  |  | $243,600 |  | $17,052.00 | $6,701 | **$267,353** |

---

[2] Troublingly, IPI took no issue with Plaintiff SPLC's far broader swath of relief requested in its reply brief than in its initial motion that amounted to $920,616.00. (Reply 6.) Nevertheless, the Court will not grant SPLC's requested judgment for its Holdover Tenancy Act claims first made in its reply brief.

[3] 4 CMC 5301 calculates interest as being "on percent per month on the balance due on any such contract involving a principal sum of over $300."

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff SPLC's Motion for Partial Summary Judgment (ECF No. 13) as to its third cause of action for breach of contract, and awards SPLC partial judgment against IPI in the amount of **$267,353.00** in damages plus post-judgment interest.[4]

IT IS SO ORDERED this 4th day of October, 2022.

_____
RAMONA V. MANGLONA
Chief Judge

---

[4] In the Complaint's prayer for relief (ECF No. 1 at 10 ¶ 71(j)) and its Reply (ECF No. 15 at 6), Plaintiff SPLC requests for attorney's fees and costs. Although attorney's fees may be permitted where expressly provided for by the Lease Agreement, SPLC has not established that it is entitled to attorney's fees either by a declaration or by admission into evidence of the actual Lease Agreement. Therefore, the Court denies attorney's fees at this time.

- 8 -