**THOMPSON LAW, LLC**
Colin M. Thompson, F0221
PMB 917, Box 10001
J.E. Tenorio Building
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JAMES WHANG dba SOUTH PACIFIC LUMBER COMPANY,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,**<br><br>**Defendant.** | **Case No. 1:21-CV-00027**<br><br>**STIPULATED AND UNCONTROVERTED FACTS FOR TRIAL**<br><br>**Date: December 16, 2022**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. Ramona V. Manglona** |

     **COMES NOW,** Plaintiff, James Whang doing business as South Pacific Lumber Company ("SPLC"), and Defendant found Imperial Pacific (CNMI) LLC ("IPI"), through their respective counsel, to submit their stipulated uncontroverted facts in advance of the trial scheduled to begin on December 16, 2022. The parties stipulate the following facts that shall be conclusively established at trial. However, nothing in this Stipulation is intended to waive IPI's defense as set forth in the [PROPOSED] First Amended Joint Pretrial Order (ECF No. 26) nor does SPLC concede that IPI's asserted defense is meritorious.

1.    Plaintiff James Whang is a citizen of the United States of America residing in the Commonwealth of the Northern Mariana Islands, doing business as South Pacific Lumber Company, a sole proprietorship.

2.      At all times mentioned herein, Plaintiff was and is the owner of the leasehold interest of lot No. 057 E 29 located at Lower Base, Saipan, MP 96950 (the "Property").

3.      Located on the Property is a warehouse building ("Warehouse") space with 3,120 square feet available for rent at $0.60 per square feet.

4.      On or about May 8, 2015, James Whang, as Landlord, and IPI, as Tenant, executed a rental agreement, the Warehouse Rental Agreement for the use of the Warehouse (the "WRA").

5.      Attached as **"Plaintiff's Trial Exhibit 1.1 – 1.5"** is a true and correct copy of the WRA.

6.      There is sufficient evidence to support the evidentiary foundation for the admission of **"Plaintiff's Trial Exhibit 1.1 – 1.5"**, the WRA.

7.      The parties stipulate to admit the WRA **"Plaintiff's Trial Exhibit 1.1 – 1.5"**, into evidence.

8.      The terms of the WRA are unambiguous.

9.      Pursuant to Section 1 of the WRA, the tenancy commenced on May 11, 2015 and ended on May 11, 2016 with the option to extend it for up to five years.

10.     Pursuant to Section 3(a) of the WRA, IPI agreed to pay SPLC $1,872.00 on or before the fifth day of each month.

11.     Pursuant to Section 3(b) of the WRA, IPI was obligated to pay a 5% interest if IPI made payment to rent after the fifth day of each month.

12.     Pursuant to Section 8(a) of the WRA, IPI was responsible for the utilities and trash pickup.

13.     Pursuant to Section 15 of the WRA, the prevailing party shall be entitled to an award of attorney fees and court costs as part of its relief or recovery.

14.     On April 14, 2016, SPLC and IPI amended the WRA for IPI to rent Building B and C of the Property.

15.     The amended WRA increased the space for rent from 3,120 square feet to 19,200 square feet.

16.     SPLC and IPI amended the WRA to increase the total amount of rent to $16,240.00.

17.     SPLC and IPI amended the WRA to decrease the price per square feet from $0.60 to $0.50.

18.     On April 14, 2016, SPLC and IPI executed the amended WRA with the agreed upon terms.

19.     The terms of the amended WRA are unambiguous.

20.     Attached as **Plaintiff's Trial Exhibit 2.1 – 2.6** is a true and correct copy of the amended WRA executed on April 26, 2016.

21.     There is sufficient evidence to support the evidentiary foundation for the admission of **"Plaintiff's Trial Exhibit 2.1 – 2.6"** the amended WRA.

22.     The parties stipulate to admit the amended WRA **"Plaintiff's Trial Exhibit 2.1 – 2.6"** into evidence.

23.     From May 2020 to May 2021, IPI failed to make rental payments to SPLC for the occupancy of the Property.

24.     From May 2020 to May 2021, IPI failed to make interest payments to SPLC for failing to make timely rental payments to the Property.

25.     From May 2020 to May 2021, IPI failed to make utility fee payments to SPLC for the usage of utilities on the Property.

26.     On May 2021, the amended WRA between SPLC and IPI ended.

27.     IPI continued to possess and occupy the Property after the Final Notice and the expiration of the WRA until September 2022.

28.     IPI became a holdover tenant when they continued possession beyond the expiration of the amended WRA without the permission of SPLC, the landlord.

29.     IPI did not pay any rent or interest to SPLC for the occupancy of the Property after May 2021 to September 2022.

30.     Despite IPI's status as holdover tenant for remaining in possession of the Property after the expiration of the amended WRA, SPLC provided further notice pursuant to 2 CMC § 40204 (b), personally served upon IPI and posted at the property on July 28, 2021.

31.     In the July 28, 2021 notice, SPLC specified a "3 Day Notice to Pay Rent or Quit", notified IPI of its continued failure to pay rent, outstanding amount due under the Lease, IPI's failure to vacate the Property, and gave IPI until August 2, 2021 to vacate the Premises.

32.     The July 28, 2021 notice and delivery satisfied the requirements of the Holdover Tenancy Act, 2 CMC § 40204 (b).

33.     Attached as "**Plaintiff's Trial Exhibit 3.1 – 3.2**" is a true and correct copy of the July 28, 2021 "3 Day Notice to Pay Rent or Quit."

34.     There is sufficient evidence to support the evidentiary foundation for the admission of **"Plaintiff's Trial Exhibit 3.1 – 3.2"** the "3 Day Notice to Pay Rent or Quit."

35.     The parties stipulate to admit **"Plaintiff's Trial Exhibit 3.1 – 3.2"** the "3 Day Notice to Pay Rent or Quit," into evidence.

36.      IPI only surrendered possession of the Property after SPLC brought this action for recovery of the Property and damages. As part of a judicially supervised settlement effort, IPI partially vacated a portion of the Property in June, 2022.

37.     On June 8, 2022, IPI notified SPLC that it had partially moved out of the Property by vacating Building C of the Property.  From that time forward, IPI only occupied Building B of the Property.

38.     As part of the judicially supervised settlement effort and in recognition of IPI's partial vacating of the Property, SPLC agreed to allow IPI to mitigate its damages for rent and penalties by reducing the monthly payment of from $16,240.00 to $9,600.00, without waiving its right to damages under the Holdover Tenancy Act.

39.     Parties stipulate that this reduced monthly amount should be applied when assessing rent and damages under the Holdover Tenancy Act for the time period from June 8, 2022 until IPI completely vacated the premises.

40.     IPI's counsel, Joey P. San Nicolas, informed SPLC's counsel, through electronic mail, that IPI had fully vacated the Property as of September 21, 2022.

41.     Attached as **"Plaintiff's Trial Exhibit 4"** is a true and correct copy of IPI's counsel informing SPLC's counsel, through electronic mail, that IPI had fully vacated the Property as of September 21, 2022.

42.     There is sufficient evidence to support the evidentiary foundation for the admission of **"Plaintiff's Trial Exhibit 4"**, IPI's counsel informing SPLC's counsel, through electronic mail, that IPI had fully vacated the Property as of September 21, 2022.

43.     The parties stipulate to admit IPI's counsel informing SPLC's counsel, through electronic mail, that had fully vacated the Property as of September 21, 2022., **"Plaintiff's Trial Exhibit 4"**.

44.     IPI owes SPLC $805,476.48 in damages from March 2020 to September 2022. This total is made from the following components:

    a.     The amount of $243,600.00 in rent due from March 2020 to May 2021 awarded by this Court in its Decision & Order Granting Plaintiff Partial Summary Judgment. (ECF No. 20).

b.   The amount of $17,052.00 as interest from March 2020 to May 2021 awarded by this Court in its Decision & Order Granting Plaintiff Partial Summary Judgment. (ECF No. 20).

c.   The amount of $6,701.00 as utility fees from March 2020 to May 2021 awarded by this Court in its Decision & Order Granting Plaintiff Partial Summary Judgment. (ECF No. 20).

d.   The amount of $239,920.00 in rent from June 2021 to September 2022.

e.   The amount of $58,065.60 as interest from June 2021 to September 2022.

f.   The amount of $217.88 as utility fees from June 2021 to September 2022.

45.   Because IPI is a holdover tenant, and Section 15 of the WRA, the prevailing party to this action is entitled to reasonable attorney's fees.

46.   Attached as **"Plaintiff's Trial Exhibit 5"** is a true and correct copy of SPLC's damages calculation for IPI failing to pay SPLC timely, and failing to vacate the Property as of September 2022.

47.   There is sufficient evidence to support the evidentiary foundation for the admission of **"Plaintiff's Trial Exhibit 5"** SPLC's damages calculation for IPI failing to pay SPLC timely, and failing to vacate the Property as of September 2022.

48.   The parties stipulate to admit SPLC's damages calculation for IPI failing to pay SPLC timely, and failing to vacate the Property as of September 2022, **"Plaintiff's Trial Exhibit 5"**.

Respectfully submitted this 2nd day of December, 2022.

| | |
|---|---|
| */s/ Colin M. Thompson* | */s/ Joey P. San Nicolas* |
| **THOMPSON LAW, LLC** | **SAN NICOLAS LAW OFFICE, LLC** |
| Colin M. Thompson | Joey P. San Nicolas |
| *Attorney for South Pacific* | *Attorney for Imperial Pacific* |
| *Lumber Company* | *International (CNMI), LLC* |