F I L E D
 Clerk
 District Court
OCT 24 2023
for the Northern Mariana Islands
By_____ JP _____
        (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JAMES WHANG *dba* SOUTH PACIFIC LUMBER COMPANY,<br><br>                     Plaintiff,<br><br>        v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>                     Defendant. | Case No. 1:21-cv-00027<br><br>**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

Before the Court is Plaintiff James Whang *dba* South Pacific Lumber Company's ("Whang") Motion for Attorneys' Fees and Costs Pursuant to Federal Rules of Civil Procedure 54(d)(2) ("Motion"). (ECF No. 44.) For the reasons detailed herein, the Court GRANTS Whang's motion for attorney's fees at the amount of $26,010 for 86.7 hours of legal services rendered and costs of $2,631.55, totaling $28,641.55.

## I.   PROCEDURAL HISTORY

Whang filed his complaint premised on diversity jurisdiction alleging five causes of action for summary possession under the Holdover Tenancy Act ("HTA"), double rent due under the HTA, breach of contract, the alternative legal theories of unjust enrichment and quantum meruit, and account stated. (Compl. 5-8, ECF No. 1.) IPI filed its answer asserting denials and affirmative defenses. (Def.'s Answer, ECF No. 3.)

Whang promptly filed a motion for partial summary judgment, which the Court granted for the breach of contract claim in the amount of $267,353.00. (ECF No. 20.) Thereafter, the parties engaged in discovery motions. (ECF Nos. 25-29, 33-35.)

After a one-day bench trial conducted on Whang's remaining claims and IPI's defense, the Court awarded Whang a total of $766,595.33 for breach of contract and violations of the HTA, plus post-judgment interest at the federal rate and attorneys' fees. (Findings of Facts & Conclusions of Law 14, ECF No. 42.) The Clerk entered judgment accordingly. (ECF No. 43.)

Whang timely filed his Motion after entry of judgment requesting $26,010 in attorneys' fees at an hourly rate of $300.00 for 104.9 hours of legal services plus costs of $2,631.55. (Mot. 10.) IPI filed its conditional non-opposition, stating it did not object to the requested $26,010.00 in attorneys' fees and $2,631.55 in costs, but that if the $300 rate was applied to the alleged hours of legal service Whang's attorney performed, IPI reserves the right to file an opposition.[1] In its reply, Whang clarified it only sought $26,010.00 in attorneys' fees and $2,631.55 in costs. (Reply to Conditional Opp., ECF No. 51.)

**II.    LEGAL STANDARD**

After entry of judgment, a party may move for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), which provides that

> Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and

---

[1] As stated correctly by IPI, if the $300 rate per hour is applied to the alleged 104.9 hours of legal services that Thompson alleges he provided, the total attorneys' fees Whang would be seeking would be $31,440.00.

- 2 -

        (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

When the Court exercises diversity jurisdiction, state substantive law governs such that "an award of attorney fees is also governed by state law." *Muniz v. UPS*, 738 F.3d 214, 218 (9th Cir. 2013) (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003)). Since the Court is exercising diversity jurisdiction in the instant case, the law of the Commonwealth of the Northern Mariana Islands ("CNMI") determines the standards and factors for determining an award of attorneys' fees. *See id.* (applying California state law for determining an award of attorney's fees).

The CNMI Supreme Court has outlined a two-step process for determining an award for attorneys' fees wherein the trial court has "'wide latitude' in awarding fees." *In re Malite* (*Malite II*), 2016 MP 20 ¶¶ 16-17 (citing *In re Malite* (*Malite I*), 2010 MP 20 ¶¶ 44-45). "First, the court must determine whether the requested fees are reasonable by considering similar fee agreements in the local legal community and relevant Model Rule of Professional Conduct ("MRPC") 1.5 factors." *Id.* ¶ 17 (citing *Malite I*, 2010 MP 20 ¶ 45). The MRPC 1.5 factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*Id.* (quoting Model Rules of Pro. Conduct r. 1.5(a)).[2] At this step, the court "consider[s] basic lodestar information (i.e., an attorney's hourly rate multiplied by the number of hours worked) to allow the court to ascertain a prevailing market rate." *Bank of Guam v. Cabrera*, No. 17-0234, at 7-8 (N. Mar. I. Commw. Super. Ct. Jan. 25, 2019) (Order Granting Attorney Fees and Costs in the Amount of $1,837.36); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations omitted) ("District courts must calculate awards for attorneys' fees using the 'lodestar' method," which requires "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."). "Second, the court must determine the appropriate fee award"—the court may award requested fees it deems reasonable or fashion an appropriate remedy for requested fees it deems unreasonable. *Malite II*, 2016 MP 20 ¶ 17 (citing *Malite I*, 2010 MP 20 ¶ 45). The party requesting attorneys' fees bears "the 'burden' of showing that the fees incurred were allowable, reasonably necessary to the conduct of the litigation and reasonable in amount." *Bank of Guam*, No. 17-0234, at 8 (citing *Ishimatsu v. Royal Crown Ins. Corp.*, 2010 MP 8 ¶ 68).

---

[2] These factors are substantially similar, but not identical, to the factors relevant for an attorneys' fee determination that the Ninth Circuit outlined in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which was a case premised on federal question jurisdiction. The *Kerr* factors are

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Notably, the CNMI Supreme Court's factors do not include the tenth and twelfth *Kerr* factors. As such, the Court need not consider those factors. *See Johnson v. Incline Vill. Gen. Improvement Dist.*, 5 F. Supp. 2d 1113, 1116 (D. Nev. 1998) ("Where federal substantive law applies, a court awards attorney's fees in light of the 12 factors listed in *Kerr* . . . .").

### III. ANALYSIS

Whang seeks $26,010.00 for attorneys' fees and $2,631.55 in costs totaling $28,641.55 pursuant to Federal Rules of Civil Procedure 54(d)(2). (Mot. 2.) Whang does not seek any fees for work performed by associate attorneys or paralegals. (*Id.* at 6.)

### A. Colin Thompson, Esq.

To begin the CNMI's two-step analysis for determining an award for attorneys' fees, the Court first analyzes the eight MRPC factors.

> *i. First factor: time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly*

In the Motion, Thompson erroneously calculated the total number of hours that he has worked on this case thus far. Thompson requested $26,010.00 at an hourly rate of $300.00 for the 104.9 hours he claims to have provided, which includes 103.1 hours expended for the case prior to his Motion, 0.8 hours preparing the Motion, and a potential one hour for a hearing on the Motion. (Mot. 6; *see* Decl. of Counsel 21-31, ECF No. 44-1.) Although Thompson asserts the number of hours he worked on this case thus far are 104.9 hours (including the anticipated hour for a hearing on his Motion), a simple calculation using the total amount of $26,010 requested divided by the hourly rate of $300 results in 86.7 hours. The Court has previously found that for a simple breach of contract claim that resulted in a default judgment, 27.55 hours spent by the attorney was reasonable. *H.K. Pangelinian & Assocs., LLC v. Am. Sinopan, LLC*, No. 1:21-cv-00010, 2023 U.S. Dist. LEXIS 111007, at *8 (D. N. Mar. I. June 27, 2023). Incongruous with this case, Thompson conducted full-fledged discovery to overcome IPI's defense and participated in a bench trial. (*See* ECF 25-29, 33-35, 40.) Less than ninety hours is

a reasonable figure given the posture of the case and that this was a simple breach of contract case, which is not particularly novel or complex.

>       ii.  *Second factor: the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer*

There is a general notion that retention of one client reduces an attorney's ability to accept other cases because of time constraint. However, Whang acknowledges that acceptance of this case did not necessarily preclude other employment by Thompson because of its relatively simple issues. (Mot. at 7.) This non-limiting factor thus weighs in favor of some reduction in fees. *See Bank of Guam*, No. 17-0234, at 12 (noting that "some reduction in fees and costs seems appropriate" because counsel was not precluded from other employment opportunities). Nevertheless, the Court finds further restrictions unnecessary because Whang only seeks fees for Thompson and does not seek fees for associate attorneys or paralegals that performed legal services for this case.

>       iii.  *Third and seventh factors: the fee customarily charged in the locality for similar legal services and the lawyer's experience, reputation, and ability of the lawyer*

This Court has recently found that given Thompson's almost thirty years' experience, (*see* Decl. of Counsel ¶¶ 8-11), a $300 hourly rate is appropriate. *Pangelinan*, No. 1:21-cv-00010, 2023 U.S. Dist. LEXIS 111007, at *12. Thompson again requests a $300 hourly rate. On numerous instances, this Court "has approved rates as high as $300.00 per hour for local attorneys with more than 20 years' experience." *Genc v. Imperial Pac. Int'l (CNMI) LLC*, No. 1:20-CV-00031, 2022 WL 16902801, at *5 (D. N. Mar. I. Nov. 12, 2022) (citation omitted). For these reasons, the Court will apply the $300 per hour rate for Thompson's services.

    iv. *Fourth factor: amount involved and results obtained*

Thompson was successful in obtaining judgment in the amount of $766,595.33 for the breach of contract claim and violations of the HTA. (Findings of Facts & Conclusions of Law 14; J. 1) His request for $26,010.00 in attorneys' fees plus $2,631.55 in costs, for a total of $28,641.55 in costs and fees does not even amount to 10% of the principal judgment amount. (*See* J. 1.) This small percentage warrants in favor of finding the request reasonable.

    v. *Fifth factor: time limitations imposed by the client or the circumstances*

Whang asserts that the value of IPI's property will depreciate over time, which required Whang to act swiftly. (Mot. 8.) Although this argument assumes that Whang will need to seek post-judgment relief from the Court to satisfy the judgment, such an assumption is warranted given that IPI's property has been and will likely continue to be auctioned by IPI's judgment creditors. Thus, this factor also buttresses the reasonableness of the request for attorneys' fees.

    vi. *Sixth factor: nature and length of the professional relationship with the client*

Because this is Thompson's first-time representing Whang (Mot. 9), the Court finds this factor to be neutral. *Cf. Atom's Co., Ltd. v. Mallari*, No. 15-0237, at 6 (N. Mar. I. Commw. Super. Ct. June 7, 2018) (Written Decision Following Evidentiary Hearing) ("Generally, a longer relationship between Counsel and his client weighs in favor of finding a high value retainer or contingency fee agreement as reasonable[.]").

    vii. *Eighth factor: whether the fee is fixed or contingent*

Thompson's representation of Whang was based on a contingency fee and an hourly rate agreement. (Decl. of Counsel ¶ 17.) An attorney working pursuant to a contingency fee agreement "is entitled to an award that is reasonable in light of the inherent risk" an attorney assumes when entering into such an agreement. *In re Yue Min Su*, No. 09-0331, at 6 (N. Mar. I.

Commw. Super. Ct. Apr. 9, 2015) (Order Granting Motion for Taxation of Costs and Attorney Fees in Part and Denying in Part). As such, the Court concludes that this factor weighs in support of the reasonableness of the request.

      *viii.   Determining the appropriate fee award*

Having considered the factors, the Court concludes that an award of $26,010.00 in attorneys' fees, which is 86.7 hours at $300 an hour, for Thompson's fees is appropriate. Defendant IPI does not object to this award amount. Accordingly, the Court awards Whang $26,010 for attorney's fees.

**B. Costs**

Counsel billed Whang $2,631.55 in print costs and filing fees for litigation spanning two years. IPI does not dispute this amount. The Court concludes such an award is appropriate.

**IV.   CONCLUSION**

Based on the foregoing, the Court GRANTS Plaintiff's motion for attorneys' fees and costs. The Court awards Plaintiff $26,010 in attorneys' fees and $2,631.55 in costs, which totals $28,641.55. The Clerk is directed to issue an amended judgment to include this award for attorneys' fees and costs.

IT IS SO ORDERED this 24th day of October, 2023.

                                                             RAMONA V. MANGLONA
                                                             Chief Judge